UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                      Criminal No. 17-196(2) (DWF/DTS)

    Plaintiff,

v.                                                                        **ORDER**

Angela Marie Estrem (2),

    Defendant.

## INTRODUCTION

This matter is before the Court on Defendant Angela Marie Estrem's *pro se* "Motion for Minor Role Reduction," (Doc. No. 93), asserting that there is a new retroactive amendment to the minor role guideline provision. Defendant has also filed a second Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Based on a Retroactive Amendment 782 to the United States Sentencing Guidelines, (Doc. No. 97). Retroactive Amendment 782 reduced the base offense level in drug cases by two levels across the board. The Government opposes both motion of Defendant.

## BACKGROUND

Defendant pled guilty on November 7, 2017, to conspiracy to distribute 50 grams or more of a methamphetamine mixture. (Doc. Nos. 55, 57.) The Court sentenced Defendant to a sentence of 42 months on March 13, 2018. (Doc. Nos. 87, 88.) The advisory guidelines, at that time, based upon an adjusted offense level of 25 and a criminal history category of I, were 57 to 71 months. Defendant sought a two-level minor

role reduction. The Court denied her request for the two-level role reduction, but then this Court stated orally that the sentence would be the same, with or without the role reduction, pursuant to the § 3553(a) factors. The Court varied downward and imposed a sentence of 42 months. Defendant did not appeal her sentence.

As observed by the Government, Defendant has now filed two separate motions for a sentence reduction. The first one, as noted above, is entitled "Motion for Minor Role Reduction," (Doc. No. 93), in which she seeks a sentence reduction based upon what she asserts is a new retroactive amendment to the minor role guideline provision. In Defendant's second Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Based on a Retroactive Amendment 782 to the United States Sentencing Guidelines, she seeks the same two-level reduction. (Doc. No. 97.)

## DISCUSSION

In Defendant's first motion, entitled "Motion for Minor Role Reduction," Defendant asserts that the reduction should be based upon a new retroactive amendment to the minor role guideline provision. However, as correctly noted by the Government, there has been no amendment to the minor role guidelines since the time of Defendant's sentencing. The amendment which the Court assumes Defendant is referring to, namely Amendment 794, went into effect on November 1, 2015, and was not retroactive. It was already in effect when Defendant was sentenced. Because Defendant's guideline range, notwithstanding this Court's departure, has not been reduced by operation of a new retroactive guideline amendment, she is not eligible for any relief under 18 U.S.C. §

2

3582(c)(2).[1]

Additionally, even if the Court assumes that Defendant is challenging the Court's denial of her request for a two-level role reduction on the merits before the Court, as the Government has observed, Defendant did not take a direct appeal. Moreover, this Court clearly stated off the bench at the time of sentencing that the Court would impose the same sentence, irrespective of a role reduction.

Defendant has also filed a motion for a reduction of sentence, as noted above, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the sentencing guidelines. While it is accurate for Defendant to state that Amendment 782 is retroactive, the effective date of that amendment was November 1, 2014. The reduced base offense level was used by this Court at the time of Defendant's sentencing when it calculated her guideline range. Consequently, Defendant's guideline range has not been reduced by any subsequent retroactive guideline amendment and, therefore, § 3582(c)(2) does not entitle Defendant or otherwise mandate any relief to her.

---

[1] That statute provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has <u>subsequently been lowered</u> by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(Emphasis added.)

**CONCLUSION**

Based upon the presentations of both Defendant and counsel for the Government, the Court having reviewed the entire file in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendant Angela Marie Estrem's Motion for Minor Role Reduction (Doc. No. [93]) is respectfully **DENIED**.

2. Defendant Angela Marie Estrem's second Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) Based on a Retroactive Amendment 782 to the United States Sentencing Guidelines, (Doc. No. [97]) is respectfully **DENIED**.

Dated: September 19, 2018

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge